IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICKY D. HANGARTNER,

                                               OPINION AND ORDER

          Plaintiff,

                                               13-cv-663-bbc

      v.

INTEL CORPORATION,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Ricky D. Hangartner is suing defendant Intel Corporation for infringement of U.S. Patent No. 6,463,422, which plaintiff describes as "a unique and highly effective way of generating truly random sequences of digital boolean values." Dkt. #13 at 1-2. Defendant has filed a motion under 28 U.S.C. § 1404(a) to transfer the case to the United States District Court for the District of Oregon. I am granting defendant's motion because I am persuaded that Oregon is clearly more convenient for the parties than Wisconsin and that the interests of justice favor a transfer.

      "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This section "permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." Research Automation, Inc. v. Schrader-Bridgeport

1

International, Inc., 626 F.3d 973, 978 (7th Cir. 2010) (quoting Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).  Factors a court may consider include the availability of and access to witnesses; each party's access to and distance from resources in each forum; the location of material events; the relative ease of access to sources of proof; docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy.  Id.

Plaintiff does not dispute defendant's assertion that neither party has a special connection to Wisconsin.  In fact, plaintiff does not identify *any* contacts that he has with Wisconsin.  Although defendant sells products in Wisconsin, plaintiff does not cite any evidence suggesting that defendants' Wisconsin sales are greater than in any other state.

In contrast, it is undisputed that both parties have a significant presence in Oregon: plaintiff (who is also the inventor) lives there and defendant has several large facilities there.  Further, several employees who designed the accused products live there.   In light of these facts, Oregon seems like an obvious candidate for the appropriate forum in this case.  In fact, plaintiff cites no cases in which a court denied a motion to transfer under similar circumstances.  Generally, when venue would be clearly more convenient in another district for at least one party and none of the parties have significant ties to Wisconsin, the practice of this court is to transfer. DeLaval Int'l AB v. Alpha Tech. U.S.A. Corp., 13-cv-673-bbc, 2014 WL 37309 (W.D. Wis. Jan. 3, 2014)  (granting motion to transfer when defendants were located in other district and plaintiff had no connection to Wisconsin);  Wacoh Co. v.

Chrysler LLC, 08-cv-456-slc, 2009 WL 36666 (W.D. Wis. Jan. 7, 2009) (same); Carson v. Flexible Foam Products, Inc., 08-cv-095-bbc, 2008 WL 1901727 (W.D. Wis. Apr. 23, 2008) (same); Deb Worldwide Healthcare, Inc. v. Betco, Corp., 08-cv-52-bbc, 2008 WL 2035529 (W.D. Wis. May 9, 2008) (same); Snyder v. Revlon, Inc., 06-C-394-C, 2007 WL 791865 (W.D. Wis. Mar. 12, 2007) (same).

Plaintiff's primary argument in favor of keeping the case in Wisconsin is that the average time to trial is faster here than in Oregon. Although that is one relevant factor, I have never found that it is a sufficient reason by itself to keep a case in a district that has no special connection to the dispute. Amtran Tech. Co., Ltd. v. Funai Elec. Co., Ltd., 08-cv-740-bbc, 2009 WL 2341555 (W.D. Wis. July 29, 2009)("[D]ocket speed alone is not sufficient to defeat a motion to transfer when other factors establish that another forum is clearly more convenient."). See also In re Apple, Inc., 602 F.3d 909, 915 (8th Cir. 2010) ("The interests of justice are not served when a district with a relatively swift docket becomes a willing repository for cases that have no connection to it."). In any event, plaintiff does not identify a reason why speed is more important in his case than in any other case proceeding in the federal courts. For example, plaintiff does not say that he competes with defendant, that he practices his patent or that defendant is otherwise causing him irreparable harm. Wacoh, 2009 WL 36666 at *4 (discounting relative speed of courts as factor because "plaintiff does not practice its patent, which means that it is not in competition with defendants and their alleged infringement will not affect plaintiffs' ability to do business"). Instead, he says that his resources are limited and he believes that it will be cheaper to

litigate in Wisconsin than Oregon, but he does not cite any evidence of his finances and he does not make any showing that it will be more expensive to try his case in Oregon. He cites this court's policy of combining motions on claim construction and summary judgment, which he says is more efficient than holding separate hearings. However, he identifies no reason why he cannot seek a consolidated approach in Oregon, if that is what he prefers. Particularly because plaintiff represents that his case is "uncomplicated," dkt. #13 at 2, I am not persuaded that his case will languish if it is transferred.

Plaintiff's other argument is that it will be easier to find a "disinterested" jury in Wisconsin because "it is much less likely that prospective jurors will have any connection to either of the parties." Plt.'s Br., dkt. #13, at 7-8. However, that argument turns the standard under § 1404(a) on its head. A community's relationship to the dispute is a reason in *favor* of proceeding in that forum. <u>Research Automation</u>, 626 F.3d at 978. Plaintiff cites no authority in favor of a contrary view and he cites no evidence that he will be unable to obtain a fair trial in Oregon.

ORDER

IT IS ORDERED that defendant Intel Corporation's motion to transfer this case to

the United States District Court for the District of Oregon, dkt. #9, is GRANTED.

Entered this 24th day of January, 2014.

                BY THE COURT:
                /s/
                BARBARA B. CRABB
                District Judge